# Maranna *v.* Fritz et ux., Appellants.

*Equity—Chancellor's findings of fact—Evidence—Fraud, accident or mistake—Specific performance.*

1. On a bill for specific performance of an agreement for sale of real estate, where an oral contemporaneous agreement is set up in defense, the appellate court will affirm a decree for plaintiff on a finding of the chancellor, based on sufficient evidence, that the written agreement of sale contained the entire contract and that no oral agreement was made at the time of its execution and omitted from it by fraud, accident or mistake.

Argued February 8, 1926. Appeal, No. 81, Jan. T., 1926, by defendant, from decree of C. P. Schuylkill Co., Jan. T., 1924, No. 2, for specific performance, in case of Fritz Maranna v. Cassie Fritz and Joe Fritz, her husband. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON and SCHAFFER, JJ. Affirmed.

Bill for specific performance. Before BECHTEL, P. J.

The opinion of the Supreme Court states the facts.

Decree for specific performance. Defendants appealed.

*Error assigned* was, inter alia, decree, quoting record.

*G. H. Gerber,* with him *A. D. Knittle,* for appellants.

*R. J. Graeff,* with him *B. J. Duffy,* for appellee.

PER CURIAM, March 15, 1926.

Fritz Maranna sued Cassie Fritz and Joe Fritz, her husband, in equity, to enforce specific performance of an agreement for the sale of real estate. Defendants filed an answer setting up an oral contemporaneous agreement, the substance of which was that if Cassie Fritz did not go to Europe to reside, the agreement of sale

should be void and defendants should return to plaintiff the hand-money theretofore paid by him.   Defendant alleged that she signed the written contract with the understanding and belief that the parol agreement was incorporated therein; and that it was omitted by "fraud, accident or mistake."   Evidence both in support and denial of the existence of the parol agreement was produced before the chancellor, who found as a fact "that the said written agreement contains the entire contract and that no oral agreement was made at the time of its execution and omitted from it by fraud, accident or mistake."

On the above finding, which, not lacking evidential support, has the force of a verdict of a jury, the court below decreed specific performance.

The decree is affirmed at cost of appellant.